**PACIFIC TRIAL ATTORNEYS**
David W. Reid (*pro hac vice* pending)
Scott J. Farrell (*pro hac vice* pending)
4100 Newport Place, Suite 800
Newport Beach, California 92660
Tel.: (949) 706-6464
dreid@pacifictrialattorneys.com
sferrell@pacifictrialattorneys.com

**TARTER KRINSKY & DROGIN LLP**
Anthony D. Dougherty
Jonathan E. Temchin
1350 Broadway, 11th Floor
New York, New York 10018
Tel.: (212) 216-8000
adougherty@tarterkrinsky.com
jtemchin@tarterkrinsky.com

*Attorneys for Defendant Hal Leonard LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KEVIN GAREY, on behalf of himself and all others similarly situated,<br><br>       Plaintiffs,<br> v.<br><br>HAL LEONARD LLC,<br><br>       Defendant. | No.: 1:19-cv-01916-LGS<br><br>**ANSWER TO CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Defendant Hal Leonard LLC ("Defendant") hereby answers the Complaint of Plaintiff Kevin Garey as follows:

1. Answering paragraph 1 of the Complaint, paragraph 1 contains no factual averments. Thus, no response is required.

2. Answering paragraph 2 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and on that basis deny them.

3. Answering paragraph 3 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and on that basis deny them.

4. Answering paragraph 4 of the Complaint, paragraph 4 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

5. Answering paragraph 5 of the Complaint, paragraph 5 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is required, Defendant denies each and every averment contained in paragraph 5.

6. Answering paragraph 6 of the Complaint, paragraph 6 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

7. Answering paragraph 7 of the Complaint, paragraph 7 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

8. Answering paragraph 8 of the Complaint, paragraph 8 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and on that basis deny them.

9. Answering paragraph 9 of the Complaint, paragraph 9 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

10. Answering paragraph 10 of the Complaint, paragraph 10 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

11. Answering paragraph 11 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and on that basis deny them.

12. Answering paragraph 12 of the Complaint, Defendant admits that it is incorporated in Delaware as a limited liability company, and that it does business in the United States, including the State of New York. Defendant denies each and every other averment contained in paragraph 12.

13. Answering paragraph 13 of the Complaint, paragraph 13 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

14. Answering paragraph 14 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and on that basis deny them.

15. Answering paragraph 15 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and on that basis deny them.

16. Answering paragraph 16 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and on that basis deny them.

17. Answering paragraph 17 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and on that basis deny them.

18. Answering paragraph 18 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and on that basis deny them.

19. Answering paragraph 19 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and on that basis deny them.

20. Answering paragraph 20 of the Complaint, Defendant admits that it operates the website referenced therein, it is an online retailer, and that its website offers certain features that should allow all individuals to access the goods and services offered therein.  Defendant denies each and every other averment contained in paragraph 20.

21. Answering paragraph 21 of the Complaint, Defendant admits that sheetmusicplus.com offers a variety of goods and services.

22. Answering paragraph 22 of the Complaint, Defendant denies each and every

averment contained in paragraph 22.

23. Answering paragraph 23 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and on that basis deny them.

24. Answering paragraph 24 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and on that basis deny them.

25. Answering paragraph 25 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and on that basis deny them.

26. Answering paragraph 26 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and on that basis deny them.

27. Answering paragraph 27 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and on that basis deny them.

28. Answering paragraph 28 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and on that basis deny them.

29. Answering paragraph 29 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and on that basis deny them.

30. Answering paragraph 30 of the Complaint, Defendant denies each and every averment contained in paragraph 30.

31. Answering paragraph 31 of the Complaint, Defendant denies each and every averment contained in paragraph 31.

32. Answering paragraph 32 of the Complaint, paragraph 32 contains legal conclusions

and legal argument that Defendant is not required to admit or deny.

33. Answering paragraph 33 of the Complaint, Defendant denies the allegations that "Defendant's Website have never been equally accessible" and that "Defendant lacks a corporate policy that is reasonably calculated to cause its Website to become and remain accessible." In addition, paragraph 33 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

34. Answering paragraph 34 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and on that basis deny them.

35. Answering paragraph 35 of the Complaint, Defendant denies each and every averment contained in paragraph 35.

36. Answering paragraph 36 of the Complaint, paragraph 36 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

37. Answering paragraph 37 of the Complaint, Defendant denies each and every averment contained in paragraph 37.

38. Answering paragraph 38 of the Complaint, paragraph 38 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

39. Answering paragraph 39 of the Complaint, paragraph 39 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

40. Answering paragraph 40 of the Complaint, paragraph 40 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

41. Answering paragraph 41 of the Complaint, paragraph 41 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

42. Answering paragraph 42 of the Complaint, paragraph 42 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

43. Answering paragraph 43 of the Complaint, paragraph 43 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

44. Answering paragraph 44 of the Complaint, paragraph 44 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

45. Answering paragraph 45 of the Complaint, paragraph 45 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

46. Answering paragraph 46 of the Complaint, Defendant incorporates the foregoing paragraphs as if fully restated herein.

47. Answering paragraph 47 of the Complaint, paragraph 47 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

48. Answering paragraph 48 of the Complaint, paragraph 48 contains legal conclusions and legal argument that Defendant is not required to admit or deny.  To the extent that a response is required, Defendant denies the second sentence contained in paragraph 48.

49. Answering paragraph 49 of the Complaint, paragraph 49 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

50. Answering paragraph 50 of the Complaint, paragraph 50 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

51. Answering paragraph 51 of the Complaint, paragraph 51 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

52. Answering paragraph 52 of the Complaint, Defendant denies each and every averment contained in paragraph 52.

53. Answering paragraph 53 of the Complaint, paragraph 53 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

54. Answering paragraph 54 of the Complaint, Defendant incorporates the foregoing paragraphs as if fully restated herein.

55. Answering paragraph 55 of the Complaint, paragraph 55 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

56. Answering paragraph 56 of the Complaint, paragraph 56 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

57. Answering paragraph 57 of the Complaint, paragraph 57 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

58. Answering paragraph 58 of the Complaint, paragraph 58 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

59. Answering paragraph 59 of the Complaint, paragraph 59 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

60. Answering paragraph 60 of the Complaint, paragraph 60 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

61. Answering paragraph 61 of the Complaint, paragraph 61 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

62. Answering paragraph 62 of the Complaint, Defendant denies each and every averment contained in paragraph 62.

63. Answering paragraph 63 of the Complaint, Defendant denies each and every averment contained in paragraph 63.

64. Answering paragraph 64 of the Complaint, Defendant denies each and every averment contained in paragraph 64.

65. Answering paragraph 65 of the Complaint, Defendant denies each and every averment contained in paragraph 65.

66. Answering paragraph 66 of the Complaint, paragraph 66 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is required, Defendant denies that Plaintiff is entitled to "compensatory damages," which New York courts have interpreted as referring to only "actual out-of-pocket expenses." Defendant also denies that Plaintiff is entitled to an award of "civil penalties and fines," which can only be paid "to the state." *See* N.Y. Exec. Law § 297[4][c][vi].

67. Answering paragraph 67 of the Complaint, paragraph 67 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is required, Defendant denies that Plaintiff is entitled to reasonable attorneys' fees under the New

York State Human Rights Law, which provides for an attorneys' fee only in cases alleging housing discrimination.  *See* N.Y. Exec. Law § 297[10].

68. Answering paragraph 68 of the Complaint, paragraph 68 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

69. Answering paragraph 69 of the Complaint, Defendant incorporates the foregoing paragraphs as if fully restated herein.

70. Answering paragraph 70 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein, and on that basis deny them.

71. Answering paragraph 71 of the Complaint, paragraph 71 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

72. Answering paragraph 72 of the Complaint, paragraph 72 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

73. Answering paragraph 73 of the Complaint, paragraph 73 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

74. Answering paragraph 74 of the Complaint, paragraph 74 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

75. Answering paragraph 75 of the Complaint, Defendant denies each and every averment contained in paragraph 75.

76. Answering paragraph 76 of the Complaint, paragraph 76 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

77. Answering paragraph 77 of the Complaint, paragraph 77 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

78. Answering paragraph 78 of the Complaint, Defendant denies each and every averment contained in paragraph 78.

79. Answering paragraph 79 of the Complaint, Defendant denies each and every averment contained in paragraph 79.

80. Answering paragraph 80 of the Complaint, paragraph 80 contains legal conclusions and legal argument that Defendant is not required to admit or deny.  To the extent that a response is required, Defendant denies that Plaintiff is entitled to "compensatory damages" of "five hundred dollars per instance" "as well as" "civil penalties and fines."  The New York State Civil Rights Law does not provide for "compensatory damages" as alleged in the Complaint.  At most, a "penalty" is provided as the exclusive form of relief that is available for a violation.  Furthermore, such "penalty" can be as little as "one hundred dollars."  (N.Y. Civil Rights Law §§ 40-d, 41.)  "Fines" are not an available form of relief.

81. Answering paragraph 81 of the Complaint, Defendant incorporates the foregoing paragraphs as if fully restated herein.

82. Answering paragraph 82 of the Complaint, paragraph 82 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

83. Answering paragraph 83 of the Complaint, paragraph 83 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

84. Answering paragraph 84 of the Complaint, paragraph 84 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

85. Answering paragraph 85 of the Complaint, Defendant denies each and every averment contained in paragraph 85.

86. Answering paragraph 86 of the Complaint, paragraph 86 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

87. Answering paragraph 87 of the Complaint, Defendant denies each and every averment contained in paragraph 87.

88. Answering paragraph 88 of the Complaint, Defendant denies each and every averment contained in paragraph 88.

89. Answering paragraph 89 of the Complaint, Defendant denies each and every averment contained in paragraph 89.

90. Answering paragraph 90 of the Complaint, Defendant denies each and every

averment contained in paragraph 90.

91. Answering paragraph 91 of the Complaint, paragraph 91 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is required, Defendant denies that Plaintiff is entitled to "compensatory damages" "as well as" "civil penalties and fines" under the New York City Administrative Code §§ 8-120[8] and 8-126. Section 8-120[8] of the New York City Administrative Code provides a remedy that only the Commission on Human Rights can award to a complainant who has filed a verified complaint with the Commission on Human Rights for its administrative disposition. Similarly, section 8-126 of the New York City Administrative Code provides a "civil penalty" that the Commission on Human Rights "may" impose. (New York City Admin. Code § 8-126(a).) That is, a court in a civil action cannot impose such "civil penalty." "Fines" are not an available form of relief.

92. Answering paragraph 92 of the Complaint, paragraph 92 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

93. Answering paragraph 93 of the Complaint, paragraph 93 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

94. Answering paragraph 94 of the Complaint, Defendant incorporates the foregoing paragraphs as if fully restated herein.

95. Answering paragraph 95 of the Complaint, paragraph 95 contains legal conclusions and legal argument that Defendant is not required to admit or deny.

96. Answering paragraph 96 of the Complaint, paragraph 96 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is required, Defendant denies that Plaintiff is entitled to declaratory relief, which is redundant of the claims asserted in the first, second, third, and fourth counts.

## **PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to the relief he seeks as set forth on pages 24-25 of the Complaint, or any relief whatsoever, and request that the Court award Defendant its costs and attorneys' fees of suit and other relief the Court deems proper.

## **ADDITIONAL DEFENSES**

As separate and additional defenses, Defendant alleges as follows:

### **FIRST AFFIRMATIVE DEFENSE**

(Lack of Standing)

Plaintiff lacks standing to pursue his alleged claims including injunctive relief.

### **SECOND AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

The Complaint, and each and every claim therein, fails to state a claim for which relief can be granted and should, therefore, be dismissed.

### **THIRD AFFIRMATIVE DEFENSE**

(Failure to Request Reasonable Modifications in Policies, Practices, or Procedures)

Defendant is informed and believes, and based thereon alleges, that all of Plaintiff's claims are barred because Plaintiff failed to request reasonable modifications in Defendant's policies, practices, or procedures.

### **FOURTH AFFIRMATIVE DEFENSE**

(Failure to Satisfy Clients or Customers Requirement)

Plaintiff is barred from relief because he is not a client or customer of Defendant's public accommodation who entered into any contractual or other arrangement.

### **FIFTH AFFIRMATIVE DEFENSE**

(Fundamental Alteration or Undue Burden)

Plaintiff's requested relief would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden.

## SIXTH AFFIRMATIVE DEFENSE

(Mootness Doctrine)

Plaintiff's requested relief is barred by the mootness doctrine.

## SEVENTH AFFIRMATIVE DEFENSE

(Effective Communication Via Alternative Methods)

Plaintiff's claims are barred, in whole or in part, by Defendant's furnishing of a customer service telephone number and email address on the "Contact Us" webpage and appropriate customer service, which constitute appropriate auxiliary aids and services necessary to ensure effective communication with individuals with disabilities.

## EIGHTH AFFIRMATIVE DEFENSE

(Failure to Provide Notice of Disability in Seeking Reasonable Accommodation)

Plaintiff and putative class members failed to provide notice of their disability to Defendant in seeking a reasonable accommodation under New York City Administrative Code § 8-107[15][a].

## NINTH AFFIRMATIVE DEFENSE

(Inability to Enjoy Civil Rights in Question)

Plaintiff and putative class members could not, with reasonable accommodation, enjoy the civil rights in question under New York City Administrative Code § 8-107[15][b].

## TENTH AFFIRMATIVE DEFENSE

(No Damages)

Defendant is informed and believe and based thereon alleges that Plaintiff has not suffered any legally cognizable damage or injury as a result of any actions taken by Defendant, and Plaintiff is thereby barred from asserting any claim against Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

(Speculative Damages)

Plaintiff's claimed damages against Defendant are speculative and therefore may not be recovered.

## TWELFTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

Plaintiff failed to properly mitigate his alleged damages and therefore is precluded from recovering those alleged damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Avoidable Consequences)

The claims of Plaintiff are barred in whole or in part by the doctrine of avoidable consequences.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Failure to Plead Facts Sufficient to Support Punitive Damages)

Plaintiff is not entitled to recover punitive damages and any averments with respect thereto should be stricken because:

a. Plaintiff has failed to plead facts sufficient to support averments of oppression, fraud and/or malice; and/or

b. Plaintiff has failed to plead facts sufficient to support averments of gross or reckless disregard for the rights of Plaintiff or that Defendant was motivated by evil motive or intent; and/or

c. Neither Defendant nor any of its officers, directors or managing agents committed any alleged oppressive, fraudulent or malicious act, authorized or ratified such act, or had advance knowledge of the unfitness, if any, of any employee or employees who allegedly committed such act, or employed any such employee or employees with a conscious disregard of the rights or safety of others.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Unclean Hands/Estoppel)

The Complaint, and each and every cause of action alleged therein, are barred because plaintiff has been guilty of improper, inequitable, or wrongful conduct connected to the matters

alleged in the Complaint. Plaintiff is estopped by his conduct from recovering any relief under the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

The Complaint, which is on behalf of a putative nationwide class, is barred by the statute of limitations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

Plaintiff would be unjustly enriched if he recovered any sums alleged in the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Causation)

Defendant's conduct was not the cause in fact or the proximate cause of any of the damages or potential damages alleged by Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

(Contributory Conduct)

The damages suffered by Plaintiff, if any, was directly and proximately caused by Plaintiff's own contributory conduct.

## TWENTIETH AFFIRMATIVE DEFENSE

(Comparative Negligence)

Plaintiff's alleged damages and the occurrences alleged in the Complaint were caused by the negligence and/or fault of other persons or entities, whether or not parties to this action, and Defendant's alleged liability should be reduced accordingly.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Good Faith)

Defendant and its agents acted reasonably and in good faith, with probable cause, at all times material herein, based on all relevant facts and circumstances known by them at the time that they acted and conformed to all applicable laws, government regulations, and industry standards.

Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Defenses Under Federal Rules of Civil Procedure)

Plaintiff's claims may be barred by any or all of the affirmative defenses contemplated by Rules 8 and 12 of the Federal Rules of Civil Procedure.  The extent to which Plaintiff's claims may be barred cannot be determined until Defendant has an opportunity to complete discovery. Therefore, Defendant incorporates all such affirmative defenses as though fully set forth herein.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend its answer to assert any additional defenses or affirmative defenses as may later become available or apparent.  Further, Defendant reserves the right to delete any defenses or affirmative defenses that it determines are inapplicable during the course of subsequent discovery.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant hereby demands trial by jury on all issues contained in the Complaint and the Answer that are triable by a jury.

## PRAYER

WHEREFORE, Defendant prays that this Court enter a judgment as follows:

1. That the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant;

2. That Plaintiff take nothing by way of his Complaint;

3. That Defendant be awarded its costs of suit incurred in defense of this action, including its reasonable attorney's fees; and

4. For such further and other relief as the Court may deem just and proper.

Dated: New York, New York
April 24, 2019

**TARTER KRINSKY & DROGIN LLP**

By: /s/ Anthony D. Dougherty
Anthony D. Dougherty
Jonathan E. Temchin
1350 Broadway – 11th Floor
New York, New York 10018
Tel: (212) 216-8000
Fax: (212) 216-8001
Email: adougherty@tarterkrinksy.com
Email: jtemchin@tarterkrinsky.com

**PACIFIC TRIAL ATTORNEYS**
David W. Reid (*pro hac vice* pending)
Scott J. Farrell (*pro hac vice* pending)
4100 Newport Place, Suite 800
Newport Beach, California 92660
Tel.: (949) 706-6464
Email: dreid@pacifictrialattorneys.com
Email: sferrell@pacifictrialattorneys.com

*Attorneys for Defendant*
*Hal Leonard LLC*